CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
RW

FEB 19 2009

JOHN F. CORCORAN, CLERK
BY: HMcClanad
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **WALTER STEVE WILSON, JR.,** | ) | **Civil Action No. 7:08-cv-00578** |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **COMMONWEALTH OF VIRGINIA,** | ) | **By: Hon. Jackson L. Kiser** |
| **Respondent.** | ) | **Senior United States District Judge** |

Walter Steve Wilson, Jr., a Virginia prisoner proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Wilson challenges his conviction in the Circuit Court of the City of Bristol for malicious wounding. Wilson claims that the evidence was insufficient to sustain his conviction and counsel provided constitutionally ineffective assistance. The respondent filed a motion to dismiss, and Wilson responded, making the matter ripe for disposition. After reviewing the record, I grant the respondent's motion to dismiss and dismiss the petition for a writ of habeas corpus.

## I.

On September 27, 2005, the Circuit Court of the City of Bristol sentenced Wilson to ten years in prison following his conviction for malicious wounding. Wilson appealed to the Court of Appeals of Virginia, and counsel filed an Anders brief.[1] Wilson argued that the evidence was insufficient to sustain his conviction for malicious wounding and the jury was selected in a racially discriminatory manner. The Court of Appeals of Virginia affirmed his conviction, holding that the evidence was sufficient and Wilson defaulted the jury issue because he did not argue it during trial. Wilson v. Commonwealth, No. 1081-06-3, slip op. at 1 (Va. Ct. App. Feb.

---

[1] See Anders v. California, 386 U.S. 738 (1967) (holding if counsel found the appeal to be wholly frivolous after conscientious examination, counsel should advise that, request permission to withdraw, and submit a brief referring to anything in the record that might arguably support his appeal).

23, 2007).

Wilson appealed to the Supreme Court of Virginia, arguing that the issue of malice should have been submitted to the jury and the evidence was insufficient to sustain his conviction. He also raised a new issue that the trial court erred by misdirecting the jury's attention to an instruction when the jury requested a definition of unlawful wounding. The Supreme Court of Virginia refused his petition for appeal and petition for a rehearing.

Wilson subsequently filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. Wilson argued that counsel was ineffective because counsel did not argue that the evidence was insufficient; Wilson acted in self-defense; Wilson was framed; police tampered with the evidence; and the knife should have been tested for DNA. Wilson also claimed that the trial court erred by seating an all-white jury; allowing the jury to convict Wilson on insufficient evidence; and emphasizing a jury instruction that deflected the jury's attention from a proper definition of unlawful wounding. Wilson further alleged that no expert testified that the victim's wound could have been inflicted by a pocket knife; the victim changed his story many times; and the victim did not seek hospital care. The Supreme Court dismissed Wilson's habeas petition after considering some of his arguments on the merits and finding other claims procedurally defaulted or barred. See Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974) (holding petitioner procedurally defaults a non-jurisdictional issue when the claim could have been presented at trial and on appeal but was not); Henry v. Warden, 265 Va. 246, 249, 576 S.E.2d 495, 496 (2003) (holding an issue is barred when it was raised and decided in trial court and on direct appeal from criminal conviction).

On November 4, 2008, Wilson timely filed his federal petition for a writ of habeas

corpus. Wilson claims that the evidence was insufficient to support his conviction and counsel provided constitutionally ineffective assistance. Wilson alleges that counsel failed to argue that the evidence was insufficient; the jury asked a question about unlawful wounding and assault; the jury was selected in a racially discriminatory manner; and the judge at the preliminary hearing reduced the offense to unlawful wounding but the Commonwealth increased the offense to malicious wounding. Counsel was also allegedly ineffective for failing to obtain a DNA test for the knife and to argue "the facts in rebuttal."

## II.

### A.

As an initial matter, Wilson filed a letter seeking leave to substitute Gene Johnson, Director of the Virginia Department of Corrections, as the sole defendant instead of the Commonwealth of Virginia. In the interests of justice, I construe the letter as a motion to amend, grant Wilson's request, and substitute Gene Johnson, Director of the Virginia Department of Corrections, as the sole defendant.

### B.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not grant habeas relief for a claim adjudicated by a state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). A state court decision unreasonably applies clearly established federal law if the state court, despite correctly identifying the governing legal

3

principle, "unreasonably applies that principle to the facts of the prisoner's case." Williams v.

Taylor, 529 U.S. 362, 413 (2000). A state court determination of a factual issue is "presumed to

be correct" and that presumption may be rebutted only "by clear and convincing evidence." 28

U.S.C. § 2254(e)(1). An "adjudication on the merits" for § 2254(d) includes a claim that was

decided in state court, even in summary fashion. Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir.

1999).

> 1.   The evidence at trial was sufficient for any rational trier of fact to find Wilson
>      guilty beyond a reasonable doubt.

Wilson argues that the evidence was insufficient to prove that he maliciously intended to

wound the victim.[2]  Wilson presented this claim to the Supreme Court of Virginia in his habeas

petition, but the Supreme Court of Virginia held that the claim was barred because the issue was

raised and adjudicated during trial and on direct appeal to the Court of Appeals of Virginia.

Wilson v. Dir. Dep't of Corr., No. 080530, slip op. at 2 (Va. Oct. 10, 2008). The Court of

Appeals of Virginia held that the evidence was sufficient to convict Wilson of malicious

wounding after viewing the evidence in the light most favorable to the Commonwealth.[3]  See

---

[2] The due process clause of the Fourteenth Amendment protects a state court defendant from conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970).

[3] Virginia Code § 18.2-51 [Shooting, stabbing, etc., with intent to maim, kill, etc ] states:
If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall be guilty of a Class 6 felony.

The Supreme of Virginia defines malice as:
[T]he intentional doing of a wrongful act without legal justification or excuse, or as the result of ill will. Malice and the specific intent to maim, etc., may be evidenced by words or inferred from acts and conduct under the rule that a person is presumed to have intended the natural and probable consequences of his voluntary act.
Fletcher v. Commonwealth, 209 Va. 636, 640, 166 S.E.2d 269, 272 (1969) (citing Dawkins v. Commonwealth, 186

4

Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (holding that a federal court can rely on a reasoned state court judgment resting primarily on federal law when later unexplained state court orders uphold that judgment); Jones v. Murray, 947 F.2d 1106, 1110 (4th Cir. 1991) (stating written findings of historical fact by the state court are presumed to be correct and entitled to deference unless shown to be erroneous).

A state court conviction will not be disturbed if the federal habeas court determines that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" after viewing the evidence in the light most favorable to the prosecution. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (original emphasis). I have reviewed the trial record, which the Court of Appeals of Virginia aptly summarized as follows:

> On the afternoon of June 12, 2005, [Mr.] Gorley stopped his car in front of [Ms.] Clay's home on Russell Street in Bristol. [Wilson] was walking on Russell Street. [Wilson] and Gorley had had an ongoing disagreement for about a year [and exchanged racial epithets on numerous occasions]. [Wilson] left the sidewalk and approached the driver's side window of Gorley's vehicle. [Wilson] reached into his pocket, pulled out a pocketknife, and stabbed Gorley in the face. [Wilson] walked away in the direction of his house.
>
> Gorley got out of his vehicle and went to Clay's porch. Clay testified that Gorley was holding a bloody cloth to his face. Gorley exclaimed, "He cut me, he cut me." Gorley declined medical attention at that time.
>
> Gorley drove to the home of friends on Norfolk Avenue. One of his friends called the police and reported the incident. The police photographed Gorley's injury and called an ambulance. The paramedics who responded cleaned Gorley's wound and recommended that he get further medical treatment, but he declined.
>
> When the police went to [Wilson]'s house that night to arrest him, [Wilson] said he knew the officers were there because he had "stabbed . . . Gorley in the face." [Wilson] gave the police the knife he used to stab Gorley. After his arrest, [Wilson] commented that he was guilty and that he "would have no problems killing . . .

---

Va. 55, 61, 41 S.E.2d 500, 503 (1947)).

5

Gorley."

Testifying in his own behalf, [Wilson] stated that on June 12, 2005[,] Gorley had called him a "nigger" numerous times and threatened to kill him. [Wilson] said he pulled out his knife and told Gorley to leave him alone, but he did not stab Gorley. [Wilson] claimed that Gorley inflicted the wound on his face himself. [Wilson] admitted having a prior felony conviction.

Wilson, No. 1081-06-3, slip op. at 1-2; see Tr. Tran. 8-20, 23-31, 36, 38-43, 45-48, 51-52, 64-89.

After hearing evidence and argument, the jury found Wilson guilty of malicious wounding.

Wilson does not present clear and convincing evidence that the jury resolved any factual issue incorrectly. He restates his trial testimony that he did not use the knife to puncture Gorley, he acted in self defense by punching Gorley, and Gorley's wound was self-inflicted. The jury gave more weight to the credibility of the Commonwealth's witnesses, investigators, a bystander, and the victim, versus the credibility of the defense witnesses, including the defendant. See Marshall v. Lonberger, 459 U.S. 422, 434 (1983) (stating federal habeas review does not redetermine the credibility of witnesses).

After reviewing the trial transcript and evidence in the light most favorable to the Commonwealth, I find that any rational trier of fact could have found beyond a reasonable doubt that Wilson maliciously wounded Gorley. See Perricllia v. Commonwealth, 229 Va. 85, 91, 326 S.E.2d 679, 683 (1985) (holding malice can be inferred from the deliberate use of a deadly weapon); Dawkins, 186 Va. at 61, 41 S.E.2d at 503 (stating whether defendant acted maliciously is a question of fact.) The Commonwealth's evidence showed that Gorley stopped his car on the street near Wilson, Wilson turned to a witness and said, "I'm not going to run from it[,]" walked from the sidewalk to Gorley's car parked in the roadway, put his hand in his pocket, stood at Gorley's open car window, removed his hand from his pocket, and stabbed Gorley in the face.

6

Wilson admitted to the police that he stabbed Gorley and had the weapon in his pocket. Wilson also talked about how he would have no qualms about killing Gorley. Accordingly, Wilson fails to establish that the evidence was insufficient to sustain his convictions, and I dismiss this claim.

2.       Wilson procedurally defaulted several of his ineffective assistance of counsel claims when he failed to present them to the Supreme Court of Virginia.

A federal court may not issue a writ of habeas corpus for a petitioner in state custody unless the petitioner first exhausted his state remedies by presenting his claim to the highest state court. 28 U.S.C. § 2254(b)(1). To properly present a claim to state courts, a petitioner must discuss "operative facts and the controlling legal principles[.]" Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) (internal quotation marks omitted). However, "presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim." Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000); see Duncan v. Henry, 513 U.S. 364, 366 (1995).

If a petitioner fails to present his claim to the highest state court, that claim will be considered exhausted if it clearly would be procedurally barred under independent and adequate state law grounds. Gray v. Netherland, 518 U.S. 152, 161 (1996). A federal court may not subsequently review an exhausted, defaulted claim because the claim is considered adjudicated on independent and adequate state law grounds. Id. See Teague v. Lane, 489 U.S. 288, 298-99 (1989). However, a petitioner may be excused from his procedural default if he can demonstrate cause and prejudice for the default or that "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thomspon, 501 U.S. 722, 749 (1991) (internal quotation marks omitted).

Wilson claims that trial counsel was ineffective for failing to argue: "the facts in

7

rebuttal"; that the judge at the preliminary hearing reduced the charge to unlawful wounding but the Commonwealth later brought the charge as malicious prosecution; and that the jury asked a question about unlawful wounding and assault. However, Wilson did not present these arguments to the Supreme Court of Virginia. If he went back to state court to raise these claims now, the claims would be barred by Virginia's successive habeas petition rule. See Va. Code § 8.01-654(B)(2) ("No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition.")

Wilson could have raised these ineffective assistance of counsel claims in his habeas petition to the Supreme Court of Virginia, but he failed to do so. Accordingly, these claims are procedurally defaulted under independent and adequate state procedural rules. I may not review procedurally defaulted claims absent a showing of cause and prejudice or a miscarriage of justice. Because Wilson does not argue an excuse for his procedural default, I must dismiss these claims.[4]

3.    The Supreme Court of Virginia's denial of Wilson's ineffective assistance of counsel claims was not contrary to, nor an unreasonable application of, federal law or based on an unreasonable determination of facts.

Wilson alleges several instances of ineffective assistance of counsel that he previously raised to the Supreme Court of Virginia. To prove ineffective assistance of counsel, a petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). If a petitioner has not satisfied one prong of the Strickland test, the court does not need to inquire

---

[4] Even if Wilson had not procedurally defaulted these claims, he does not establish a violation of either Strickland prong. Counsel presented evidence, made two motions to strike the Commonwealth's evidence, and presented a closing argument. The Commonwealth is not prevented from bringing a charge of malicious prosecution following a preliminary hearing because a grand jury indicted Wilson for malicious prosecution and he was afforded all constitutional safeguards. Wilson also did not establish how a jury question about specific charges has a reasonable probability of undermining the outcome of his trial.

8

whether he has satisfied the other prong. Id. at 697. Furthermore, an attorney's acts or omissions "that are not unconstitutional individually cannot be added together to create a constitutional violation." See Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998).

The first prong of Strickland requires a petitioner to show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "Judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. Furthermore, "effective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978).

Second, a petitioner must show that prejudice resulted from counsel's deficient performance. Strickland, 466 U.S. at 692. To establish prejudice, a petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A "reasonable probability [i]s a probability sufficient to undermine confidence [in] the outcome." Id.

Wilson alleges that counsel was ineffective for failing to argue that the evidence was insufficient to show Wilson acted maliciously. The Supreme Court of Virginia considered and rejected this claim, holding that the claim was without merit because counsel raised the issue on appeal and the Court of Appeals found the evidence sufficient to sustain his conviction. Therefore, Wilson was unable to show any deficient performance or prejudice under Strickland.

Wilson also alleges that counsel was ineffective for not obtaining and presenting

9

arguments about testing his knife for the victim's DNA. The Supreme Court of Virginia considered and rejected this claim because Wilson told police officers that the knife he used to stab the victim was in his pocket. The Supreme Court of Virginia held that Wilson failed to establish what a DNA analysis of the knife would reveal or how it would have led to a different outcome at trial. Therefore, the Supreme Court of Virginia did not find a violation of <u>Strickland</u>.

Wilson further alleges that counsel was ineffective for failing to object at trial and argue on appeal that an all-white jury violated his constitutional rights. The Supreme Court of Virginia considered and rejected this claim because Wilson failed to describe the racial composition of the community and failed to proffer the existence of purposeful discrimination. Without such a showing, the Supreme Court of Virginia held that Wilson could not show counsel's deficient performance or resulting prejudice under <u>Strickland</u>.

I find that the Supreme Court of Virginia's review of these claims was not contrary to, nor an unreasonable application of, federal law or based on an unreasonable determination of facts. Wilson's first claim is meritless because counsel did argue that the evidence was insufficient to sustain a conviction. Even if counsel had the knife tested for DNA evidence, Wilson failed to establish that it would have overcome his own admissions or the victim's and witness' testimony that Wilson stabbed Gorley. Furthermore, the police officer testified that Wilson had three knives within his reach at the time of his arrest. (Tr. Tran. 50-51.) Even if the victim's DNA was not present on the particular knife Wilson admitted to using, the weapon still could have been any one of Wilson's knives. Finally, Wilson's argument that an all-white jury is prima facie evidence of jury discrimination is also meritless. Wilson is not entitled to a constitutional presumption of juror bias even if his jury pool is predominantly white. <u>See</u>

10

<u>Ristaino v. Ross</u>, 424 U.S. 589, 596 n.8 (1976) (declining to create a rule that justice depends on jurors' race, nationality, or religion). No exceptional circumstances of any racial bias among the jurors existed during voir dire. <u>See</u> "Voir dire examination of Jury" Tran. Therefore, his counsel cannot be deficient for not arguing these positions and Wilson failed to establish any resulting prejudice under <u>Strickland</u>. Accordingly, I dismiss Wilson's ineffective assistance of counsel claims.

III.

For the foregoing reasons, I grant the respondent's motion to dismiss and dismiss Wilson's petition for a writ of habeas corpus.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 19th day of February, 2009.

Senior United States District Judge

11